GRIFFIN, Judge.
BSL Investors, II [“BSL”], a California limited partnership, and Joon Yang and Won Yang appeal a joint and several partial summary judgment in favor of Downey Savings and Loan Association in the amount of $847,-155.74. We reverse.
The record reflects that on October 7, 1993, Downey Savings and Loan Association [“Downey”] filed in open court an “Emergency Motion for Turnover of Property To Receiver” in connection with the pending foreclosure of the Colony Plaza Hotel.[1] BSL was the limited partnership that owned the hotel. Downey’s motion asserted that its review of hotel records revealed that, in the eighteen months since the mortgage obligation of BSL had gone into default, its general partners, appellants Joon and Won Yang,[2] had received in excess of eight hundred thousand dollars of hotel “rents.” It sought relief in the form of an “Emergency Order” that would compel appellants to “turnover” to the receiver of the Colony Plaza Hotel the sum of $847,-155.74, and which would “freeze” all of the Yangs’ bank accounts.
Downey’s motion for summary judgment on its foreclosure complaint was scheduled to be heard on October 7, 1993.[3] The parties agree that during the noticed hearing, counsel for the Yangs and BSL filed, and the court heard and granted, a motion to withdraw. According to the certificate of service, it had been served by fax on the Yangs in California and on Downey’s counsel the day before. The court also entered summary judgment on Downey’s noticed summary judgment motion. Finally, the court entered two additional orders: first, an order granting the Emergency Motion for Turnover of Property, ordering appellants to turn over to *332 the receiver $847,155.74, a Mercedes Benz and the hotel’s books and records; and second, a “Partial Summary Judgment” holding the appellants jointly and severally liable to Downey in the amount of $847,155.74 and authorizing issuance of a writ of execution. It is this “Partial Summary Judgment” which is appealed. Downey has offered several reasons to affirm the appealed order, most of which dissolve into an argument that the judgment was properly entered to “enforce” the simultaneously entered “Emergency” turnover order. Without commenting on the propriety of the turnover order since that issue is not before us,[4] we agree with appellants that the partial summary judgment must be reversed. There was no basis for such a judgment against appellants in the pleadings; no such judgment had been sought by motion and the procedure followed by Downey in obtaining this judgment against the appellants was so thoroughly defective as to constitute a denial of due process.
REVERSED and REMANDED.
HARRIS, C.J., and PETERSON, J., concur.

. The foreclosure action was filed on April 27, 1992.

. The Yangs were general partners of BSL Investors, II. They had been named in the complaint to foreclose any property interest they might claim in the hotel property.

.The hearing was not reported.

. The turnover order was not separately appealed and we do not deem it to be an interlocutory order which would be reviewable on appeal from the Partial Summary Judgment.